**Silvia Noemi Velasco PICHOLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71664.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

Silvia Noemi Velasco Pichola, South Gate, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Silvia Velasco Pichola, a native and citizen of Guatemala, petitions pro se for re-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

view of the decision of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Velasco Pichola contends that the IJ erred as a matter of law in concluding that she failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Velasco Pichola testified that she was apprehended by immigration authorities and returned to Mexico in 1991 as she attempted to re-enter the United States after a brief trip to Guatemala. The IJ concluded that this apprehension and return constituted a break in Velasco Pichola's continuous physical presence such that she failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether Velasco Pichola's return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia,* or an administrative voluntary departure, as discussed in *Vasquez–Lopez.* "In addition, even if petitioner signed a

voluntary departure form and departed accordingly, there is not substantial evidence in the present record that would support the conclusion that petitioner knowingly and voluntarily accepted administrative voluntary departure." *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006). The IJ should be given the first opportunity to assess whether petitioner's departure was "knowing and voluntary." *Id.* at 620.

Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of Velasco Pichola's contact with immigration officials in 1991.

**PETITION FOR REVIEW GRANTED; REMANDED.**